# EXHIBIT A

1 KRISTINA L. HILLMAN, Bar No. 208599
JANNAH V. MANANSALA, Bar No. 249376
2 ALEXANDER S. NAZAROV, Bar No. 304922
WEINBERG, ROGER & ROSENFELD
3 A Professional Corporation
1001 Marina Village Parkway, Suite 200
4 Alameda, California 94501
Telephone (510) 337-1001
5 Fax (510) 337-1023
E-Mail: courtnotices@unioncounsel.net
6 khillman@unioncounsel.net
jmanansala@unioncounsel.net
7 anazarov@unioncounsel.net

8 Attorneys for Plaintiffs JANICE WOOD,
9 ANTHONY ALFARO, and AARON DIETRICH



FILED

JUN 12 2019

K. WEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By
R. Vaquera

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT 31, FOR ALL
PURPOSES.

SUMMONS ISSUED

10 SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| 12 JANICE WOOD, ANTHONY ALFARO, and AARON DIETRICH on behalf of themselves and others similarly situated,<br><br>13<br><br>14 Plaintiffs,<br><br>15 v.<br><br>16 MARATHON REFINING LOGISTICS SERVICES LLC, and DOES 1 THROUGH AND INCLUDING 25,<br><br>17<br><br>18 Defendants. | Case No.<br><br>**C 19-01261**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Failure To Pay Reporting Time Pay (IWC Wage Order No. 1-2001);<br>2. Failure To Pay All Wages Earned At Termination (Labor Code §§ 200-203);<br>3. Failure To Provide Accurate Itemized Wage Statements (Labor Code §§ 226-226.3);<br>4. Violations of the Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

19

20

21 COMES NOW, PLAINTIFFS JANICE WOOD, ANTHONY ALFARO, and AARON

22 DIETRICH ("Plaintiffs"), on behalf of themselves and a class of all others similarly situated as

23 defined herein (the "Class"), allege on knowledge as to themselves and otherwise on information

24 and belief, as follows:

25 ## NATURE OF ACTION

26     1.    This class action on behalf of operators at the refinery of Defendant Marathon

27 Refining Logistics Services LLC ("Marathon") in Martinez, California challenges a form of wage

28 theft—the practice of scheduling refinery operators for mandatory "standby" shifts but failing to

1

1    pay required reporting time pay.

2        2.      Marathon requires its operators at its refinery in Martinez, California to work

3 regular 12-hour shifts. In addition to their regular 12-hour shifts, operators at Marathon's

4 Martinez refinery must regularly be available for designated 12-hour standby shifts twice a day.

5        3.      Marathon requires operators at its Martinez refinery to be at the ready to receive

6 calls during two 1.5-hour time periods when assigned to cover standby shifts, which commence 1

7 hour prior to the start of the scheduled standby shift and end 30 minutes after the standby shift has

8 started. If an operator cannot be reached during these 1.5-hour time periods, the operator is

9 considered absent without leave and is subject to disciplinary action. If an operator is asked to

10 work the scheduled standby shift during one of the 1.5-hour time periods, the operator must report

11 for duties at the refinery in Martinez within a time period not to exceed 3.5 hours. If an operator

12 is not contacted at all during these 1.5-hour time periods, the operator is not compensated at all by

13 Marathon, although the operator's activities have been significantly constrained.

14        4.      Marathon requires maintenance workers at its Martinez refinery to work regular

15 12-hour shifts. In addition to their regular 12-hour shifts, maintenance workers at Marathon's

16 Martinez refinery must regularly be available to fill standby shifts for one week out of every ten

17 weeks.

18        5.      Marathon requires maintenance workers at its Martinez refinery to be at the ready

19 to receive calls at any point during the 24 hours that the maintenance worker is on the standby

20 shift. The maintenance worker must answer the telephone call or return the telephone call within

21 30 minutes after receiving it. The maintenance worker must arrive at the refinery "within a

22 reasonable amount time" but generally no longer than two hours. If the maintenance worker fails

23 to respond to the telephone call within 30 minutes or fails to arrive at the refinery within "a

24 reasonable amount of time," the maintenance worker is considered absent without leave and is

25 subject to disciplinary action. If the maintenance worker is not contacted at all during the standby

26 period, then the maintenance worker is not compensated at all by Marathon, although his or her

27 activities have been significantly constrained during the entire week that the maintenance worker

28 remains on standby.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Kaiser Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

6.     These standby shifts impose tremendous costs on employees. Because Marathon requires employees to be available for standby shifts, these employees cannot commit to other activities such as, for example, other jobs or classes during those scheduled standby shifts and the period that commences prior to the standby shifts during which they must be at the ready to receive a call and come into the worksite if asked. If employees have children or care for elders, they must make contingent childcare or elder care arrangements. They also cannot commit to social plans with friends or family.

7.     In addition to their scheduled standby shifts, Marathon operators at its Martinez refinery must wait to be called 1 hour prior to the start of each of the two scheduled standby shifts. Consequently, they are inconvenienced not only for the periods of the scheduled standby shifts they must cover, but also for the 1-hour time periods before the standby shifts commence. During this 1-hour time period prior to the start of the standby shift, operators must be ready to answer calls, and they cannot do things incompatible with answering a phone call, such as sleeping, taking a class, going camping, or being at any location without cell service including, for example, elevators and numerous rural areas.

8.     Marathon maintenance workers are inconvenienced for the entire time that they are on standby. Maintenance workers can be called into work by Marathon at any time during the week that they are on standby. Consequently, maintenance workers are under an obligation to avoid activities that are incompatible with answering a phone and traveling to the refinery on short notice.

9.     Whether or not Marathon ultimately calls an employee on standby shifts and requires the employee to work a standby shift, the employee has still suffered inconvenience and has forgone the opportunity to take other work that could have been scheduled for the day or evening, take a class, go camping in an area with limited cell reception, and make out-of-town plans, amongst other restrictions.

10.     In short, the requirement of having to be at the ready for standby shifts and arrive at work if called significantly limits operators' and maintenance workers' ability to earn other income, take classes, care for dependent family members, and enjoy time for recreation.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

11. Pursuant to Wage Order 1-2001, an employee is entitled to reporting time pay when he or she "is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work." The amount of reporting time pay that must be paid "is half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay...."

12. Notwithstanding Marathon's standby shift policy, Marathon compensates operators and maintenance workers only when actually required to work during the standby shift. Marathon does not credit its operators and maintenance workers at its Martinez, California refinery for "reporting for work" when the employee is scheduled for a standby shift and is not told that he or she has to work during the standby shift. These practices have resulted, and continue to result, in Marathon not paying its employees required reporting time pay.

## PARTIES

13. Plaintiff Janice Wood is a citizen of the State of California, currently residing in the County of Napa. She works as an operator at Marathon's Martinez refinery.

14. Plaintiff Anthony Alfaro is a citizen of the State of California, currently residing in the County of Contra Costa. He formerly worked as an operator at Marathon's Martinez refinery.

15. Plaintiff Aaron Dietrich is a citizen of the State of California, currently residing in the County of Contra Costa. He works as a maintenance worker at Marathon's Martinez refinery.

16. Marathon is a Delaware Limited Liability Company doing business in California and is a "person" as defined by California Labor Code section 18 and by California Business and Professions Code section 17201. Marathon is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Marathon's headquarters is in Findlay, Ohio.

17. The true names and capacities of defendants DOES 1 through 25, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to show the true names and capacities of defendants DOES 1 through 25, inclusive, when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as DOE is negligently, wantonly,

KINBERG, ROGER & ROSENFELD
A Professional Corporation
11 Armont Village Parkway, Suite 225
Alameda, California 94501
(510) 337-1001

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

1 | recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings

2 | herein referred to and negligently, wantonly, recklessly, tortiously, and unlawfully proximately

3 | and legally caused injuries and damages to Plaintiffs and the Class as herein alleged.

4 | 18. Plaintiffs are also informed and believe and thereon allege that DOES 1 to 25, at

5 | all relevant times herein, were the agents, principals, and/or alter egos of Marathon and that they

6 | are therefore liable for the acts and omissions of Marathon.

7 | 19. At all times pertinent hereto, each of the said DOE defendants participated in the

8 | doing of acts hereinafter alleged to have been done by Marathon and, furthermore, were the agents,

9 | servants, and/ or employees of Marathon, and at all times herein mentioned, were acting within the

10 | course and scope of said agency and employment.

11 | ### JURISDICTION AND VENUE

12 | 20. This Court has subject matter jurisdiction over this action as the claims involve

13 | alleged violations of California law.

14 | 21. Venue is appropriate in the County of Contra Costa, and this Court has personal

15 | jurisdiction over Marathon by reason of the facts that (a) Marathon is a citizen of the State of

16 | California; (b) Marathon has transacted and conducted substantial business in the State of

17 | California and in the County of Contra Costa; (c) the acts alleged herein occurred in the State of

18 | California, including in the County of Contra Costa; (d) Plaintiffs' injury occurred in the State of

19 | California and the County of Contra Costa; and (e) the events giving rise to the claims at issue in

20 | this lawsuit arose in within the County of Contra Costa in California.

21 | ### CALIFORNIA'S REPORTING TIME PAY REQUIREMENT

22 | 22. Pursuant to its authority under Labor Code section 1173, the Industrial Welfare

23 | Commission promulgated Wage Order 1-2001. Wage Order 1-2001 applies to Marathon's

24 | refinery in Martinez, California.

25 | 23. Wage Order 1-2001 mandates that employees be paid reporting time pay as

26 | follows: "Each workday an employee is required to report for work and does report, but is not put

27 | to work or is furnished less than half said employee's usual or scheduled day's work, the

28 | employee shall be paid for half the usual or scheduled day's work, but in no event for less than

'EINBERG, ROGER &
ROSENFELD
A Professional Corporation
N Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

1   two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not

2   be less than the minimum wage."

3        24.    Unpredictable work schedules take a toll on employees. Without the security of a

4   definite work schedule, workers who must be "on-call" or on "standby" are forced to make

5   childcare arrangements, elder-care arrangements, encounter obstacles in pursuing their education,

6   experience adverse financial effects, and deal with stress and strain on their family life. The "on-

7   call" or "standby" shifts also interfere with employees' ability to obtain supplemental

8   employment in order to ensure financial security for their families.

9                   **FACTS SPECIFIC TO PLAINTIFFS**

10      25.    Plaintiffs have worked and continue to work as operators or maintenance workers

11   at Marathon's refinery in Martinez, California. During the course of their employment, Plaintiffs

12   were asked to cover designated standby shifts.

13      26.    When assigned to cover standby, Plaintiffs Wood and Alfaro and other operators

14   had to be at the ready to receive a call for the period one hour prior to the start of a standby shift

15   until thirty minutes after the standby shift commenced. If Plaintiffs Wood and Alfaro and other

16   operators received a call, they had about 3.5 hours to arrive at the refinery.

17      27.    Plaintiff Aaron Dietrich and other maintenance workers on standby shifts had to be

18   ready to receive a call at any point during the week that they were on standby. Maintenance

19   workers then had 30 minutes to respond to the call and about 2 hours to arrive at the refinery.

20      28.    Marathon considered Plaintiffs and the other operators and maintenance workers at

21   its Martinez refinery as absent without leave and subjected them to discipline if they failed to

22   answer a call during the designated time period. During their employment with Marathon,

23   Plaintiffs have frequently been scheduled to cover standby shifts, which always involved

24   scheduled start times and set scheduled ending times.

25      29.    Unless Plaintiffs or other operators and maintenance workers were asked to work a

26   standby shift, Marathon did not provide them with any compensation, including reporting time

27   pay.

28   ///

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Winter Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

1

2      30.    Plaintiffs bring this action on behalf of themselves and the following ascertainable

3    class of similarly situated persons: All operators and maintenance workers employed at the

4    refinery of Marathon USA, Inc. in Martinez, California at any time from four years prior to the

5    filing of this complaint up to and continuing until the time that judgment is entered in this case

6    (the "Class").

7      31.    This class action is brought pursuant to California Code of Civil Procedure § 382.

8    Plaintiffs reserve the right to modify the description of the Class and to later designate subclasses

9    based on the results of discovery or otherwise.

10     32.    **Numerosity:** The Class is so numerous that the individual joinder of all members

11   is impractical under the circumstances of this case.  While the exact number and identities of the

12   members of the Class are presently unknown, there are at least more than 100 members of the

13   Class.

14     33.    **Ascertainability:** The identities of the members of the Class are readily

15   ascertainable by review of Marathon's records, including, but not limited to, payroll records,

16   timekeeping records, schedules, and other documents and other business records that Marathon is

17   required by law to maintain.

18     34.    **Commonality/Predominance:** There are predominant common questions of law

19   and fact and a coherent community of interest amongst Plaintiffs and the claims of the Class,

20   concerning Marathon's treatment of them, including but not limited to:

21          a.    Whether the reporting time pay requirement that an employee "report for

22               work" requires that Plaintiffs and the Class physically report for work.

23          b.    Whether Marathon's requirements that its operators and maintenance

24               workers (1) be at the ready to receive a call during a designated standby

25               period and (2) arrive at work if asked to work a standby shift or face

26               discipline triggers California's reporting time pay obligations.

27          c.    Whether Marathon's requirements that its operators and maintenance

28               workers (1) be at the ready to receive a call during a designated standby

7

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
Marea Village Parkway, Suite 200
Alameda, California, 94501
(510) 337-1001

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

period (2) arrive at work if asked to work the standby shift and (3) be
subject to discipline if they fail to satisfy either requirement violates
California policy as expressed by the state legislature's enactment of Labor
Code sec. 96(k) prohibiting discipline for employees engaging in lawful off
duty conduct.

     d.    Whether Marathon violated and continues to violate Wage Order 1-2001.

     e.    Whether Marathon violated Labor Code sections 200-203.

     f.    Whether Marathon violated Labor Code sections 226, 226.3.

     g.    Whether Marathon violated Cal. Bus & Professions Code section 17200.

35. **Typicality:** Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and the Class sustained damages arising out of the same policies, procedures, and/or business practices of Marathon.

36. **Adequacy of Representation:** Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel who has substantial experience in prosecuting complex wage and hour class action claims.

37. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy, since the individual joinder of all members of the Class is impracticable. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damage suffered by each individual of the Class may be small, on a relative basis, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. Moreover, an important public benefit will be realized by addressing the matter as a class action. The cost to the court system of adjudication of such individual litigation would be substantial. Individual litigation would also present the potential for inconsistent or contradictory judgments. Adjudication of individual Class members' claims with respect to Marathon would, as a practical matter, be dispositive of the interest of other members or substantially impair or impede the ability of other

8

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 337-1001

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

1  individual members of the Class to protect their interests.

2  38.   Plaintiffs are unaware of any difficulties that are likely to be encountered in the

3  management of this action that would preclude its maintenance as a class proceeding.

### FIRST CAUSE OF ACTION
#### FOR FAILURE TO PAY REPORTING TIME PAY
#### (IWC Wage Order No. 1-2001)
#### (By Plaintiffs on Behalf of Themselves and the Class Against Marathon and DOES 1 Through 25)

7  39.   Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference

8  the preceding paragraphs of this complaint as though set forth in full at this point.

9  40.   Wage Order 1-2001 provides that "[e]ach workday an employee is required to

10 report for work and does report, but is not put to, work or is furnished less than half said

11 employee's usual or scheduled day's work, the employee shall be paid for half the usual or

12 scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at

13 the employee's regular rate of pay, which shall not be less than the minimum wage."

14 41.   As set forth herein, Marathon scheduled Plaintiffs and the Class for standby shifts

15 that required them to be at the ready to receive a call and face discipline if they did not answer

16 such call. Marathon also required Plaintiffs and the Class to arrive at work within a designated

17 time period if asked to work the scheduled standby shift. Failure to answer a call or arrive at

18 work within the time frame subjected Plaintiffs and the Class to discipline.

19 42.   Marathon has failed to pay required reporting time pay to Plaintiff and the Class,

20 as Plaintiff and the Class were not paid reporting time pay or any compensation for having to be

21 at the ready to work a standby shift. Marathon compensated only operators asked to come to

22 work and work the standby shift.

23 43.   As a direct and proximate result of Marathon's actions as set forth herein,

24 Plaintiffs and the Class have been damaged in that Plaintiffs and the Class have not been paid all

25 required reporting time pay.

26 ///

27 ///

28 ///

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Maron Village Parkway, Suite 200
Alamuda, California 94301
(510) 337-1001

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES EARNED AT TERMINATION
#### (Labor Code § 200 - 203)
#### (By Plaintiff Anthony Alfaro on Behalf of Himself and the Class Against Marathon and DOES 1 Through 25)

44.     Plaintiffs hereby incorporate all prior paragraphs as if fully set forth herein.

45.     Labor Code sections 201 and 202 require that Marathon pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours' notice. Labor Code section 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

46.     Members of the Class who have separated from Marathon's employment were not paid required reporting time pay within 24 hours after a discharge, or 72 hours after a resignation, as applicable.

47.     Marathon's failure to pay required reporting time pay upon termination was willful.

48.     As a direct and proximate result of Marathon's willful conduct in not paying members of the Class all earned wages at the time their employment with Marathon ended, each member of the Class whose employment with Marathon ended is entitled to 30 days' wages as a penalty under Labor Code section 203.

## THIRD CAUSE OF ACTION
### FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
#### (Labor Code §§ 226, 226.3)
#### (By Plaintiffs and the Class Against Marathon and DOES 1 Through 25)

49.     Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference all prior paragraphs as if fully set forth herein.

50.     Pursuant to the Labor Code and the applicable Wage Order, employers must provide accurate itemized wage statements at the time employees are paid, showing accurate information for such things as total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, etc.

10

3NBERG, ROGER &
ROSENFELD
Professional Corporation
Marlor Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1    51.    Plaintiffs and the Class were not provided with accurate itemized wage statements,

2    as required by law. The wage statements provided did not accurately include correct numbers for

3    total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay

4    period at issue, and other information required by law. Reporting time pay was not accurately

5    reported on the wage statements.

6    52.    Plaintiffs and the Class could not easily and promptly determine from their wage

7    statements that they had been properly paid. Reporting time pay was not accurately reported or

8    calculated, such that no calculations could be performed to derive the accurate times, rates, and

9    pay that should have been part of their compensation. The information to make such

10    determinations could not be readily ascertained by the wage statement, standing alone, or without

11    reference to other documents or information.

12    53.    As a result of Marathon's failure to provide accurate itemized wage statements as

13    required by law, Plaintiffs and the Class have been injured in the manner set forth in the Labor

14    Code.

15    54.    Plaintiff and the Class are entitled to the penalties set forth at Labor Code section

16    226(e) and/or 226.3 and/or the applicable wage order, to injunctive relief to ensure compliance

17    with the law, to costs of suit, and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**
18    **UNFAIR BUSINESS PRACTICES**
19    **(Bus. & Prof. Code §§ 17200 et seq.)**
**(Against Marathon and DOES 1 Through 25)**
20

21    55.    Plaintiffs hereby incorporate by reference all prior paragraphs as if fully set forth

22    herein.

23    56.    Section 17200 of the California Business and Professions Code prohibits any

24    unlawful, unfair, or fraudulent business act or practice.

25    57.    The actions of Marathon, as herein alleged, amount to conduct which is unlawful

26    and a violation of law. As such, said conduct constitutes an unlawful business practice, in

27    violation of Bus. & Prof. Code sections 17200 et seq.

28    58.    The actions of Marathon, as herein alleged, offend established public policy and

11

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 272-1000

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

constitute an unfair business practice. This injury is not outweighed by any countervailing benefits to consumers or competition.

59. Marathon's conduct as herein alleged has damaged Plaintiffs and other operators by denying them wages earned, due and payable. Plaintiffs and other operators have thus suffered injury in fact and loss of money. Under section 17200 Plaintiffs seek restitution of all monies not paid to them and other operators at Marathon's Martinez, California by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on behalf of the members of the Class, pray for judgment against Marathon as follows:

A. For an order certifying the proposed Class;

B. For the attorneys appearing on the above caption to be named class counsel and for Plaintiffs to be appointed class representatives;

C. For compensatory damages in an amount according to proof with interest thereon;

D. For economic and/or special damages in an amount according to proof with interest thereon;

E. For payment of unpaid wages in accordance with California labor and employment law;

F. For payment of penalties in accordance with California law;

G. For Marathon to be found to have engaged in unfair and/or unlawful competition in violation of Bus. & Prof. Code sections 17200, *et seq.*;

H. For Marathon to be ordered and enjoined to make restitution to Plaintiffs and the Class, including restitutionary disgorgement, pursuant to Business and Professions Code sections 17200 *et seq.*;

I. For interest, attorneys' fees, and costs of suit under Labor Code sections 226 and 1194 and Code of Civil Procedure section 1021.5 and other applicable code sections; and

///

///

INBERG, ROGER &
ROSENFELD
Professional Corporation
Marine Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

1    J.    For all such other and further relief that the Court may deem just and proper.

2   Dated: June 21, 2019                          WEINBERG, ROGER & ROSENFELD
                                                   A Professional Corporation
3

4                                          By:     _____
                                                   JANMAR V. MANANSALA
5                                                  ALEXANDER S. NAZAROV

6                                                  Attorneys for Plaintiffs JANICE WOOD,
                                                   ANTHONY ALFARO, and AARON DIETRICH
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Xxxxx Village Parkway, Suite 290
Alameda, California 94501
(1510) 337-1001

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: June 21, 2019

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
JANNAH V. MANANSALA
ALEXANDER NAZAROV

Attorneys for Plaintiffs JANICE WOOD,
ANTHONY ALFARO, and AARON DIETRICH

147869\1029912

WEINBERG, ROGER &
ROSENFELD
Professional Corporation
Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFFS' CLASS ACTION COMPLAINT
Case No.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kristina L. Hillman/Jannah V. Manansala/Alexander S. Nazarov | |

State Bar Nos. 208599/249376/304922  Email: jmanansala@unioncounsel.net
WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200, Alameda, CA 94501
TELEPHONE NO.: (510) 337-1001  FAX NO.: (510) 337-1023
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

**F I L E D**

JUN 24 2019

K. REKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By: K. Vasquez, Deputy Clerk

CASE NAME:
Janice Wood, et al. v. Marathon Refining Logistics Services LLC, et al.

CASE NUMBER:
**C 19 - 01261**

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 21, 2019

JANNAH V. MANANSALA
(TYPE OR PRINT NAME)

*(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

By Fax
First Legal
200 Webster #201
Oakland, CA 94607
415-626-3111

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (not asbestos or
toxic/environmental) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (not civil
harassment) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (not unlawful detainer
or wrongful eviction)
Contract/Warranty Breach–Seller
Plaintiff (not fraud or negligence)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (not provisionally
complex) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (not eminent
domain, landlord/tenant, or
foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(arising from provisionally complex
case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (non-
domestic relations)
Sister State Judgment
Administrative Agency Award
(not unpaid taxes)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
above) (42)
Declaratory Relief Only
Injunctive Relief Only (non-
harassment)
Mechanics Lien
Other Commercial Complaint
Case (non-tort/non-complex)
Other Civil Complaint
(non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (not specified
above) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MARATHON REFINING LOGISTICS SERVICES LLC and DOES 1
THROUGH AND INCLUDING 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JANICE WOOD, ANTHONY ALFARO, and AARON DIETRICH on
behalf of themselves and others similarly situated



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D

JUN 24 2019

K. PARKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By K. Vaquerano, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso)* |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California Contra Costa County, Wakefield Taylor Courthouse 725 Court Street, Martinez, CA 94553 | C 19 - 01261 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kristina L. Hillman/Jannah V. Manansala/Alexander S. Nazarov, Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Ste. 200, Alameda, CA 94501, (510) 337-1001

| DATE: *(Fecha)* | JUN 24 2019 | Clerk, by *(Secretario)* | K. VAQUERANO | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF CONTRA COSTA

By Fax
First Legal
200 Webster #201
Oakland, CA 94607
415-626-3111

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

WOOD/ALFARO VS MARATHON REFINING LOGISTICS

NOTICE OF CASE MANAGEMENT CONFERENCE          CIVMSC19-01261

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  11/08/19     DEPT:  39     TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                            SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  06/24/19

                            K. VAQUERANO
                            Deputy Clerk of the Court

| Attorney or Party without Attorney: | | | For Court Use Only |
|---|---|---|---|
| WEINBERG ROGER & ROSENFELD<br>KRISTINA L. HILLMAN (SBN 208599)<br>1001 MARINA VILLAGE PKWY STE 200<br>ALAMEDA , CA 94501 | | | |

Attorney or Party without Attorney:
WEINBERG ROGER & ROSENFELD
KRISTINA L. HILLMAN (SBN 208599)
1001 MARINA VILLAGE PKWY STE 200
ALAMEDA , CA 94501
Telephone No: (510) 337-1001

Attorney For: Plaintiff

Ref. No. or File No.:

For Court Use Only

F I L E D

JUL 15 2019

By___

Insert name of Court, and Judicial District and Branch Court:
Superior Court of California, County of Contra Costa

Plaintiff: JANICE WOOD, ANTHONY ALFARO, and AARON DIETRICH on behalf of
themselves and others similarly situated
Defendant: MARATHON REFINING LOGISTICS SERVICES, LLC

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>C19-01261 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL ACTIONS PACKET; BLANK INTERPRETER REQUEST (SPANISH); NOTICE TO PLAINTIFFS; NOTICE TO DEFENDANTS; BLANK ADR CASE MANAGEMENT STIPULATION AND ORDER; BLANK CASE MANAGEMENT STATEMENT; ADR INFORMATION

3.   a.  Party served:   MARATHON REFINING LOGISTICS SERVICES, LLC
    b.  Person served:  CARLOS PAZ, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE OF PROCESS.

4. Address where the party was served:   818 W. 7TH STREET SUITE 930, LOS ANGELES , CA 90017

5. I served the party:
  a. by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): Tue, Jun 25 2019 (2) at (time): 12:40 PM
  (1)  [ X ]  (business)
  (2)  [   ]  (home)
  (3)  [   ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  [   ]  as an individual defendant.
  b.  [   ]  as the person sued under the fictitious name of (specify):
  c.  [   ]  as occupant.
  d.  [ X ]  On behalf of (specify):  MARATHON REFINING LOGISTICS SERVICES, LLC
    under the following Code of Civil Procedure section:
    [   ]  416.10 (corporation)
    [   ]  416.20 (defunct corporation)
    [   ]  416.30 (joint stock company/association)
    [   ]  416.40 (association or partnership)
    [   ]  416.50 (public entity)
    [ X ]  other:  LLC
    [   ]  415.95 (business organization, form unknown)
    [   ]  416.60 (minor)
    [   ]  416.70 (ward or conservatee)
    [   ]  416.90 (authorized person)
    [   ]  415.46 (occupant)

By Fax<br>First Legal<br>200 Webster #201<br>Oakland, CA 95607<br>415-626-3111



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF**
**SERVICE**
**SUMMONS**

3501722
(7620589)
Page 1 of 2



| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| WEINBERG ROGER & ROSENFELD<br>KRISTINA L. HILLMAN (SBN 208599)<br>1001 MARINA VILLAGE PKWY STE 200<br>ALAMEDA , CA 94501<br>  Telephone No:  (510) 337-1001<br><br>  Attorney For:  Plaintiff | Ref. No. or File No.: | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| Superior Court of California, County of Contra Costa |

| Plaintiff: | JANICE WOOD, ANTHONY ALFARO, and AARON DIETRICH on behalf of<br>themselves and others similarly situated |
|---|---|
| Defendant: | MARATHON REFINING LOGISTICS SERVICES, LLC |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>C19-01261 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
  a.  Name:         Douglas Forrest
  b.  Address:     **FIRST LEGAL**
                 1202 Howard Street
                 SAN FRANCISCO, CA 94103
  c.  Telephone number:  (415) 626-3111
  d.  **The fee for service was:**
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  a registered California process server:
        (i)  ☐ owner  ☐ employee  ☒ independent contractor
        (ii)  Registration No:  5141, Los Angeles
        (iii)  County:  Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

07/03/2019
(Date)

Douglas Forrest



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*3501722*
*(7620589)*
**Page 2 of 2**