KRISTINA L. HILLMAN, Bar No. 208599
JANNAH V. MANANSALA, Bar No. 249376
ALEXANDER S. NAZAROV, Bar No. 304922
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: courtnotices@unioncounsel.net
        khillman@unioncounsel.net
        jmanansala@unioncounsel.net
        anazarov@unioncounsel.net

Attorneys for Plaintiffs JANICE WOOD,
ANTHONY ALFARO, and AARON DIETRICH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE WOOD, ANTHONY ALFARO, and AARON DIETRICH on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MARATHON REFINING LOGISTICS SERVICES LLC, and DOES 1 THROUGH AND INCLUDING 25, <br><br> Defendants. | Case No. 4:19-cv-04287-YGR <br><br> ~~CLASS ACTION COMPLAINT~~ **PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> 1. Failure To Pay Reporting Time Pay (IWC Wage Order No. 1-2001); <br> 2. Failure To Pay All Wages Earned At Termination (Labor Code §§ 200-203); <br> 3. Failure To Provide Accurate Itemized Wage Statements (Labor Code §§ 226-226.3); <br> 4. Violations of the Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*) <br> ~~4.~~5. Liability for Civil Penalties Under the Private Attorneys General Act, California Labor Code §§ 2698, *et seq* <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, PLAINTIFFS JANICE WOOD, ANTHONY ALFARO, and AARON

DIETRICH ("Plaintiffs"), on behalf of themselves and a class of all others similarly situated as

defined herein (the "Class"), allege on knowledge as to themselves and otherwise on information

and belief, as follows:

///

1

~~PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT~~ PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:19-CV-04287-YGR

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

**NATURE OF ACTION**

1.     This class action on behalf of operators at the refinery of Defendant Marathon Refining Logistics Services LLC ("Marathon") in Martinez, California challenges a form of wage theft—the practice of scheduling refinery operators for mandatory "standby" shifts but failing to pay required reporting time pay.

2.     Marathon requires its operators at its refinery in Martinez, California to work regular 12-hour shifts.  In addition to their regular 12-hour shifts, operators at Marathon's Martinez refinery must regularly be available for designated 12-hour standby shifts twice a day.

3.     Marathon requires operators at its Martinez refinery to be at the ready to receive calls during two 1.5-hour time periods when assigned to cover standby shifts, which commence 1 hour prior to the start of the scheduled standby shift and end 30 minutes after the standby shift has started.  If an operator cannot be reached during these 1.5-hour time periods, the operator is considered absent without leave and is subject to disciplinary action.  If an operator is asked to work the scheduled standby shift during one of the 1.5-hour time periods, the operator must report for duties at the refinery in Martinez within a time period not to exceed 3.5 hours.  If an operator is not contacted at all during these 1.5-hour time periods, the operator is not compensated at all by Marathon, although the operator's activities have been significantly constrained.

4.     Marathon requires maintenance workers at its Martinez refinery to work regular 12-hour shifts.  In addition to their regular 12-hour shifts, maintenance workers at Marathon's Martinez refinery must regularly be available to fill standby shifts for one week out of every ten weeks.

5.     Marathon requires maintenance workers at its Martinez refinery to be at the ready to receive calls at any point during the 24 hours that the maintenance worker is on the standby shift.  The maintenance worker must answer the telephone call or return the telephone call within 30 minutes after receiving it.  The maintenance worker must arrive at the refinery "within a reasonable amount time" but generally no longer than two hours.  If the maintenance worker fails to respond to the telephone call within 30 minutes or fails to arrive at the refinery within "a reasonable amount of time," the maintenance worker is considered absent without leave and is

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1   subject to disciplinary action.  If the maintenance worker is not contacted at all during the standby

2   period, then the maintenance worker is not compensated at all by Marathon, although his or her

3   activities have been significantly constrained during the entire week that the maintenance worker

4   remains on standby.

5       6.      These standby shifts impose tremendous costs on employees.  Because Marathon

6   requires employees to be available for standby shifts, these employees cannot commit to other

7   activities such as, for example, other jobs or classes during those scheduled standby shifts and the

8   period that commences prior to the standby shifts during which they must be at the ready to

9   receive a call and come into the worksite if asked.  If employees have children or care for elders,

10  they must make contingent childcare or elder care arrangements.  They also cannot commit to

11  social plans with friends or family.

12      7.      In addition to their scheduled standby shifts, Marathon operators at its Martinez

13  refinery must wait to be called 1 hour prior to the start of each of the two scheduled standby

14  shifts.  Consequently, they are inconvenienced not only for the periods of the scheduled standby

15  shifts they must cover, but also for the 1-hour time periods before the standby shifts commence.

16  During this 1-hour time period prior to the start of the standby shift, operators must be ready to

17  answer calls, and they cannot do things incompatible with answering a phone call, such as

18  sleeping, taking a class, going camping, or being at any location without cell service including,

19  for example, elevators and numerous rural areas.

20      8.      Marathon maintenance workers are inconvenienced for the entire time that they are

21  on standby.  Maintenance workers can be called into work by Marathon at any time during the

22  week that they are on standby.  Consequently, maintenance workers are under an obligation to

23  avoid activities that are incompatible with answering a phone and traveling to the refinery on

24  short notice.

25      9.      Whether or not Marathon ultimately calls an employee on standby shifts and

26  requires the employee to work a standby shift, the employee has still suffered inconvenience and

27  has forgone the opportunity to take other work that could have been scheduled for the day or

28  evening, take a class, go camping in an area with limited cell reception, and make out-of-town

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

plans, amongst other restrictions.

10.     In short, the requirement of having to be at the ready for standby shifts and arrive at work if called significantly limits operators' and maintenance workers' ability to earn other income, take classes, care for dependent family members, and enjoy time for recreation.

11.     Pursuant to Wage Order 1-2001, an employee is entitled to reporting time pay when he or she "is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work."  The amount of reporting time pay that must be paid "is half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay...."

12.     Notwithstanding Marathon's standby shift policy, Marathon compensates operators and maintenance workers only when actually required to work during the standby shift. Marathon does not credit its operators and maintenance workers at its Martinez, California refinery for "reporting for work" when the employee is scheduled for a standby shift and is not told that he or she has to work during the standby shift.  These practices have resulted, and continue to result, in Marathon not paying its employees required reporting time pay.

## PARTIES

13.     Plaintiff Janice Wood is a citizen of the State of California, currently residing in the County of Napa.  She works as an operator at Marathon's Martinez refinery.

14.     Plaintiff Anthony Alfaro is a citizen of the State of California, currently residing in the County of Contra Costa.  He formerly worked as an operator at Marathon's Martinez refinery.

15.     Plaintiff Aaron Dietrich is a citizen of the State of California, currently residing in the County of Contra Costa.  He works as a maintenance worker at Marathon's Martinez refinery.

16.     Marathon is a Delaware Limited Liability Company doing business in California and is a "person" as defined by California Labor Code section 18 and by California Business and Professions Code section 17201.  Marathon is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001.  Marathon's headquarters is in Findlay, Ohio.

17.     The true names and capacities of defendants DOES 1 through 25, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT    CASE NO. 4:19-CV-04287-YGR

1    Plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs will seek leave

2    of Court to amend this Complaint to show the true names and capacities of defendants DOES 1

3    through 25, inclusive, when the same have been ascertained.  Plaintiffs are informed and believe

4    and thereon allege that each of the defendants designated herein as DOE is negligently, wantonly,

5    recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings

6    herein referred to and negligently, wantonly, recklessly, tortiously, and unlawfully proximately

7    and legally caused injuries and damages to Plaintiffs and the Class as herein alleged.

8        18.    Plaintiffs are also informed and believe and thereon allege that DOES 1 to 25, at

9    all relevant times herein, were the agents, principals, and/or alter egos of Marathon and that they

10   are therefore liable for the acts and omissions of Marathon.

11       19.    At all times pertinent hereto, each of the said DOE defendants participated in the

12   doing of acts hereinafter alleged to have been done by Marathon and, furthermore, were the agents,

13   servants, and/ or employees of Marathon, and at all times herein mentioned, were acting within the

14   course and scope of said agency and employment.

15                              **JURISDICTION AND VENUE**

16       20.    This Court has subject matter jurisdiction over this putative class action under the

17   Class Action Fairness Act of 2005.  28 U.S.C. sections 1332(d), 1453 and 1711-1715.

18       21.    The venue of this action is appropriately in the United States District Court for the

19   Northern District of California because Marathon conducts substantial business on the territory of

20   the Northern District and the state court from which this matter was removed is located in the

21   Northern District.

22                    **CALIFORNIA'S REPORTING TIME PAY REQUIREMENT**

23       22.    Pursuant to its authority under Labor Code section 1173, the Industrial Welfare

24   Commission promulgated Wage Order 1-2001.  Wage Order 1-2001 applies to Marathon's

25   refinery in Martinez, California.

26       23.    Wage Order 1-2001 mandates that employees be paid reporting time pay as

27   follows: "Each workday an employee is required to report for work and does report, but is not put

28   to work or is furnished less than half said employee's usual or scheduled day's work, the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

1   employee shall be paid for half the usual or scheduled day's work, but in no event for less than

2   two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not

3   be less than the minimum wage."

4           24.     Unpredictable work schedules take a toll on employees.  Without the security of a

5   definite work schedule, workers who must be "on-call" or on "standby" are forced to make

6   childcare arrangements, elder-care arrangements, encounter obstacles in pursuing their education,

7   experience adverse financial effects, and deal with stress and strain on their family life.  The "on-

8   call" or "standby" shifts also interfere with employees' ability to obtain supplemental

9   employment in order to ensure financial security for their families.

10                          **FACTS SPECIFIC TO PLAINTIFFS**

11          25.     Plaintiffs have worked and continue to work as operators or maintenance workers

12  at Marathon's refinery in Martinez, California.  During the course of their employment, Plaintiffs

13  were asked to cover designated standby shifts.

14          26.     When assigned to cover standby, Plaintiffs Wood and Alfaro and other operators

15  had to be at the ready to receive a call for the period one hour prior to the start of a standby shift

16  until thirty minutes after the standby shift commenced.  If Plaintiffs Wood and Alfaro and other

17  operators received a call, they had about 3.5 hours to arrive at the refinery.

18          27.     Plaintiff Aaron Dietrich and other maintenance workers on standby shifts had to be

19  ready to receive a call at any point during the week that they were on standby.  Maintenance

20  workers then had 30 minutes to respond to the call and about 2 hours to arrive at the refinery.

21          28.     Marathon considered Plaintiffs and the other operators and maintenance workers at

22  its Martinez refinery as absent without leave and subjected them to discipline if they failed to

23  answer a call during the designated time period.  During their employment with Marathon,

24  Plaintiffs have frequently been scheduled to cover standby shifts, which always involved

25  scheduled start times and set scheduled ending times.

26          29.     Unless Plaintiffs or other operators and maintenance workers were asked to work a

27  standby shift, Marathon did not provide them with any compensation, including reporting time

28  pay.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

~~PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT~~PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT                                CASE NO. 4:19-CV-04287-YGR

1

## CLASS ALLEGATIONS

2      30.     Plaintiffs bring this action on behalf of themselves and the following ascertainable

3    class of similarly situated persons: All operators and maintenance workers employed at the

4    refinery of Marathon USA, Inc. in Martinez, California at any time from four years prior to the

5    filing of this complaint up to and continuing until the time that judgment is entered in this case

6    (the "Class").

7      31.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.

8    Plaintiffs reserve the right to modify the description of the Class and to later designate subclasses

9    based on the results of discovery or otherwise.

10      32.     **Numerosity:** The Class is so numerous that the individual joinder of all members

11   is impractical under the circumstances of this case.  While the exact number and identities of the

12   members of the Class are presently unknown, there are at least more than 100 members of the

13   Class.

14      33.     **Ascertainability:** The identities of the members of the Class are readily

15   ascertainable by review of Marathon's records, including, but not limited to, payroll records,

16   timekeeping records, schedules, and other documents and other business records that Marathon is

17   required by law to maintain.

18      34.     **Commonality/Predominance:** There are predominant common questions of law

19   and fact and a coherent community of interest amongst Plaintiffs and the claims of the Class,

20   concerning Marathon's treatment of them, including but not limited to:

21          a.     Whether the reporting time pay requirement that an employee "report for

22                 work" requires that Plaintiffs and the Class physically report for work.

23          b.     Whether Marathon's requirements that its operators and maintenance

24                 workers (1) be at the ready to receive a call during a designated standby

25                 period and (2) arrive at work if asked to work a standby shift or face

26                 discipline triggers California's reporting time pay obligations.

27          c.     Whether Marathon's requirements that its operators and maintenance

28                 workers (1) be at the ready to receive a call during a designated standby

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

1   period (2) arrive at work if asked to work the standby shift and (3) be

2   subject to discipline if they fail to satisfy either requirement violates

3   California policy as expressed by the state legislature's enactment of Labor

4   Code sec. 96(k) prohibiting discipline for employees engaging in lawful off

5   duty conduct.

6   d.   Whether Marathon violated and continues to violate Wage Order 1-2001.

7   e.   Whether Marathon violated Labor Code sections 200-203.

8   f.   Whether Marathon violated Labor Code sections 226, 226.3.

9   g.   Whether Marathon violated Cal. Bus & Professions Code section 17200.

10   35.   **Typicality:** Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs

11   and the Class sustained damages arising out of the same policies, procedures, and/or business

12   practices of Marathon.

13   36.   **Adequacy of Representation:** Plaintiffs will fairly and adequately protect the

14   interests of the Class.  Plaintiffs have retained counsel who has substantial experience in

15   prosecuting complex wage and hour class action claims.

16   37.   **Superiority:** A class action is superior to other available means for the fair and

17   efficient adjudication of this controversy, since the individual joinder of all members of the Class

18   is impracticable.  A class action will permit a large number of similarly situated persons to

19   prosecute their common claims in a single forum simultaneously, efficiently and without the

20   unnecessary duplication of effort and expense that numerous individual actions would engender.

21   Furthermore, as the damage suffered by each individual of the Class may be small, on a relative

22   basis, the expenses and burden of individual litigation would make it difficult or impossible for

23   individual members of the class to redress the wrongs done to them.  Moreover, an important

24   public benefit will be realized by addressing the matter as a class action.  The cost to the court

25   system of adjudication of such individual litigation would be substantial.  Individual litigation

26   would also present the potential for inconsistent or contradictory judgments.  Adjudication of

27   individual Class members' claims with respect to Marathon would, as a practical matter, be

28   dispositive of the interest of other members or substantially impair or impede the ability of other

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

~~PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT~~ PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT                        CASE NO. 4:19-CV-04287-YGR

1    individual members of the Class to protect their interests.

2        38.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the

3    management of this action that would preclude its maintenance as a class proceeding.

4            **ALLEGATIONS REGARDING COLLECTIVELY BARGAINED**
             **AGREEMENTS BETWEEN MARATHON AND PLAINTIFFS' UNION**

5

6        39.    During the time period covering Marathon's liability for violations described in

7    this complaint, Plaintiffs' relationship with Marathon has been governed by collectively

8    bargained agreements between Marathon and United Steel Workers A.F.L.-C.I.O. Local 5

9    ("USW").  There are two relevant collectively bargained agreements: (1) "Articles of Agreement

10   Between Tesoro Refining Company Martinez Refinery and United Steelworkers International

11   Union Local 5 and United Steelworkers International Union, February 1, 2015," which was later

12   modified by a 2019 settlement agreement (attached as Exhibit A); and (1) "Articles of Agreement

13   Between Tesoro Refining Company Martinez Chemical Plant and United Steelworkers

14   International Union Local 5, effective March 1, 2015," which was later modified by a 2019

15   settlement agreement (attached as Exhibit B).  Recently, another court found that there is no need

16   to interpret a substantially similar collective bargaining agreement between Chevron and its

17   refinery operators' union to resolve claims that are identical to the claims raised in this complaint.

18   Order Remanding Action, *Bradford v. Chevron USA Inc.* ("*Chevron*"), United States District

19   Court for the Northern District of California Case Number 19-cv-04051-PJH, Docket Number 32

20   ("Order Remanding Action").  The court's reasoning in the Order Remanding Action in *Chevron*

21   is instructive in the present matter.

22       40.    There are several provisions in the two attached CBAs that refer to Marathon's

23   unlawful policy of not paying reporting time pay to its employees for the time they spend being

24   ready to answer their telephones during mandatory standby shifts.  While these provisions

25   describe the illegal mandatory standby shift policy that is at issue in this complaint, the resolution

26   of the claims raised in the complaint is not substantially dependent on analysis or interpretation of

27   any CBA provision.  Consequently, the claims raised in this complaint are not preempted by

28   section 301 of the Labor Management Relations Act.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT                              CASE NO. 4:19-CV-04287-YGR

41.     Marathon's standby shift policy allows for alterations to the standby procedures based on a mutual agreement between employees and management:

> Employees assigned to a particular "grouping of units" will be given the latitude to formalize, in writing, a mandatory standby system that is different from the one listed below. By doing this, we provide maximum flexibility for Operators to voluntarily fill standby assignments in whatever way is most attractive to the individual crews. The procedure used must be: (a) agreed to by a majority of the employees assigned to the 'grouping of units' and (b) be approved by the appropriate Area Superintendent.

Exhibit B at 49. However, Plaintiffs are unaware of any agreed upon written policy that is different from the one described in the CBAs. Consequently, Plaintiffs' allegation that Marathon's mandatory standby shift policy violates California law refers to the policy explicitly provided for in the CBAs.

42.     The policy in the CBAs calls for "mandatory standby" shifts, which consist of a "number[] of employees per crew that will be required to standby to cover overtime needs." Exhibit B at 49. The primary issue raised in the complaint is whether Marathon's mandatory standby policy violates Wage Order 1-2001's directive that employers pay their employees reporting time pay. To resolve this issue, the Court must determine whether Marathon's mandatory standby policy "tether[s] [its employees] by time and policy to particular locations or communications devices" and whether Marathon's policy "imposes significant limitations on how employees can use their time . . . ." *Ward v. Tilly's Inc.*, 31 Cal.App.5th 1167, 1187 (2019). If the answers to these questions are affirmative, then Marathon's policy triggers the obligation to pay reporting time pay to its employees, and Marathon's failure to do so violates Wage Order 1-2001. If, on the other hand, the answers to these questions are negative, then Marathon is not required to pay reporting time pay to its employees and is not in violation of Wage Order 1-2001.

43.     This Court noted that, based on the allegations in the original complaint, it could not determine whether it would have to interpret the CBAs "to determine the extent of the alleged constraints on plaintiffs' time during standby shifts . . . ." *Wood v. Marathon Refining Logistics Service LLC*, United States District Court for the Northern District of California, Case Number 19-cv-04287-YGR, Docket Number ("Doc.") 24 at 6. The Court noted that it might "have to

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1  analyze terms pursuant to which standby employees may 'trade or otherwise exchange standby

2  assignments,' may notify [Marathon] if they are 'otherwise unavailable when on standby,' and

3  must reach the refinery 'within a reasonable time' after receiving a call." *Id.*

4       44.  There is no need to interpret the provision that states that an employee on "standby

5  may trade or otherwise exchange standby assignments . . . ." Exhibit B at 49.  This provision has

6  no impact on the "constraints on plaintiffs' time during standby shifts" because the sentence

7  following this provision reads: "However, it will be the sole responsibility of each designated

8  standby to make arrangements, at least 24-hours in advance." *Id.*  As such, employees are not

9  free to exchange standby assignments *during* standby shifts—only 24 hours before the standby

10 shift.  Consequently, the provision permitting employees to "exchange standby assignments" does

11 not lessen or otherwise affect the tethers or constraints on employees' time during the standby

12 shift.  Tethers and constraints on employees' time during the standby shift are the only tethers and

13 constraints relevant to the Court's analysis of whether standby shifts trigger reporting time pay.

14 As the court in Chevron observed, "[a] CBA does not preempt claims under California labor laws

15 simply because it contains ambiguous terms.  Something more is required—resolution of the

16 state-law claim must depend upon analysis of such a term."  Order Remanding Action at 14.

17 Here, even if the CBA term regarding "exchang[ing] standby assignments" were somehow

18 ambiguous, the resolution of the state-law claim does not depend on analysis of this term because

19 the term does not affect time restrictions *during* standby shifts. Thus, no interpretation of the

20 provision regarding "exchang[ing] standby assignments" is necessary to resolve the claims raised

21 in this complaint.

22       45.  There is no need to interpret the provision that states that an employee must notify

23 Marathon if they are "otherwise unavailable when on standby."  Exhibit B at 50.  The full

24 provision reads: "Employees, who become sick, injured, or otherwise unavailable when on

25 standby, must notify Security Control as far in advance as possible that they are not available for

26 designated shift(s)."  *Id.*  This provision has no impact on "the extent of the alleged constraints on

27 plaintiffs' time . . . ."  Doc. 24 at 6.  Rather, the provision simply states that an employee is

28 required to notify management of any unexpected unavailability to cover a standby shift as soon

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1    as possible.  The provision does not address the tethers or time constraints placed on the

2    employee during his or her standby shift.  Any need to interpret this provision is tenuous and

3    hypothetical at best because the provision does not indicate that an employee has any more

4    latitude to miss his or her standby shift than any other shift.  A tenuous or "hypothetical

5    connection between the claim and the terms of the CBA is not enough to preempt the claim . . . ."

6    *Cramer v. Consol. Frightways, Inc.,* 255 F.3d 683, 691-692 (9th Cir. 2001).  Here, the provision

7    does not have an apparent impact on the "the extent of the alleged constraints on plaintiffs' time."

8    Thus, no interpretation of the provision regarding being "otherwise unavailable" is necessary to

9    resolve the claims raised in the complaint.

10          46.     There is also no need to interpret the provision that states that, after being

11    contacted by Marathon, an employee must report to the plant "within a reasonable time."  Exhibit

12    B at 49-50.  The entire provision reads: "An employee on standby must be able to reach the plant

13    within a reasonable time, but in no case longer than 3.5 hours after having been contacted to

14    report to work."  *Id.*  The provision establishes an unambiguous maximum time that an employee

15    has to reach the plant after being called.  The Court may analyze the constraints on an employee's

16    time based on this maximum amount of time.  Moreover, Plaintiffs' theory of the case alleges that

17    the reporting time pay requirement is triggered by Plaintiffs'are sufficient to "tether[]

18    [employees] by time and policy to  particular locations or communications devices . . . . "  *Ward*,

19    31 Cal.App.5th at 1187.  Plaintiffs allege that this "tether" is sufficient to trigger reporting time

20    pay.  Consequently, the amount of time that an employee has to reach the plant is not dispositive

21    of whether the claim has merit.  Thus, no interpretation of the provision regarding "reasonable

22    time" is necessary to resolve Plaintiffs' claims.

23          47.     The court in *Chevron* addressed a substantially identical CBA provision and found

24    that no interpretation was necessary.  Order Remanding Action at 13-14.  The provision at issue

25    in *Chevron* required operators to "be able to get to work in a reasonable time period after being

26    contacted . . . ."  *Id.* at 13.  The court found that "Plaintiffs' claim, relying on *Ward*, is that they

27    were required to report to work and actually reported to work by being available and personally

28    contactable during specific on-call periods, and after reporting they were not put to work.  The

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT                                 CASE NO. 4:19-CV-04287-YGR

1   merits of that claim do not depend on how much time might have passed between the employee

2   reporting to work and his physical arrival at the workplace.  Plaintiffs' claim is that the Operators

3   report to work by being reachable at fixed times, which California law can evaluate without any

4   dependence on the requirement that standby Operators 'be able to get to work in a reasonable

5   period of time after being contacted.'"  *Id.* at 13-14.  As noted, here, the merits of Plaintiffs'

6   reporting time claim likewise do not depend on how much time might have passed between the

7   employee reporting to work and his or her physical arrival at the workplace.  Rather, as in the

8   *Chevron* case, Plaintiffs' claim that they "report for work" when they are required to be reachable

9   at fixed times, thereby triggering the reporting time pay requirement.  Thus, similarly, here, no

10   interpretation of the provision regarding "reasonable time" is necessary to resolve the claims

11   raised in the complaint.

12           48.      This Court further noted that "given that the complaint alleges that employees

13   'must regularly be available' to fill standby shifts, the Court would have to interpret provisions of

14   the CBAs and guidelines that, for example, provide employees with 'the opportunity to remove

15   themselves from the Voluntary Overtime List.'"  Doc. 24 at 6.  However, the provisions regarding

16   the Voluntary Overtime List are unrelated to mandatory standby shifts.  Voluntary Overtime Lists

17   were used to fill necessary overtime positions before the person on mandatory standby was called.

18   However, despite the roster of the overtime list, an employee on mandatory standby still has to be

19   available to answer the telephone in case the Volunteer Overtime List was insufficient to cover

20   Marathon's needs, which often happened.  As such, employees on mandatory standby would have

21   to remain tethered to their telephone and a location with cell phone service despite the roster of

22   the Voluntary Overtime List.  Consequently, the ability to remove oneself from the Voluntary

23   Overtime List did not change the conditions for those employees assigned to mandatory standby

24   shifts.  Plaintiffs' allege that Marathon has violated its obligation to pay reporting time pay

25   regardless of the roster of the Voluntary Overtime List or the procedures for filling the Voluntary

26   Overtime List.  Thus, no interpretation of the provision regarding employees' "opportunity to

27   remove themselves from the Voluntary Overtime List" is necessary to resolve the claims raised in

28   the complaint.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

13

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT                                      CASE NO. 4:19-CV-04287-YGR

**FIRST CAUSE OF ACTION**
**FOR FAILURE TO PAY REPORTING TIME PAY**
**(IWC Wage Order No. 1-2001)**
**(By Plaintiffs on Behalf of Themselves and the Class Against Marathon**
**and DOES 1 Through 25)**

49.     Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the preceding paragraphs of this complaint as though set forth in full at this point.

50.     Wage Order 1-2001 provides that "[e]ach workday an employee is required to report for work and does report, but is not put to, work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

51.     As set forth herein, Marathon scheduled Plaintiffs and the Class for standby shifts that required them to be at the ready to receive a call and face discipline if they did not answer such call.  Marathon also required Plaintiffs and the Class to arrive at work within a designated time period if asked to work the scheduled standby shift.  Failure to answer a call or arrive at work within the time frame subjected Plaintiffs and the Class to discipline.

52.     Marathon has failed to pay required reporting time pay to Plaintiff and the Class, as Plaintiff and the Class were not paid reporting time pay or any compensation for having to be at the ready to work a standby shift.  Marathon compensated only operators asked to come to work and work the standby shift.

53.     As a direct and proximate result of Marathon's actions as set forth herein, Plaintiffs and the Class have been damaged in that Plaintiffs and the Class have not been paid all required reporting time pay.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES EARNED AT TERMINATION**
**(Labor Code § 200 - 203)**
**(By Plaintiff Anthony Alfaro on Behalf of Himself and the Class Against Marathon**
**and DOES 1 Through 25)**

54.     Plaintiffs hereby incorporate all prior paragraphs as if fully set forth herein.

55.     Labor Code sections 201 and 202 require that Marathon pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if

14

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

the employee has given less than 72 hours' notice.  Labor Code section 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

56.     Members of the Class who have separated from Marathon's employment were not paid required reporting time pay within 24 hours after a discharge, or 72 hours after a resignation, as applicable.

57.     Marathon's failure to pay required reporting time pay upon termination was willful.

58.     As a direct and proximate result of Marathon's willful conduct in not paying members of the Class all earned wages at the time their employment with Marathon ended, each member of the Class whose employment with Marathon ended is entitled to 30 days' wages as a penalty under Labor Code section 203.

## THIRD CAUSE OF ACTION
### FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
#### (Labor Code §§ 226, 226.3)
#### (By Plaintiffs and the Class Against Marathon and DOES 1 Through 25)

59.     Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference all prior paragraphs as if fully set forth herein.

60.     Pursuant to the Labor Code and the applicable Wage Order, employers must provide accurate itemized wage statements at the time employees are paid, showing accurate information for such things as total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, etc.

61.     Plaintiffs and the Class were not provided with accurate itemized wage statements, as required by law.  The wage statements provided did not accurately include correct numbers for total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, and other information required by law.  Reporting time pay was not accurately reported on the wage statements.

62.     Plaintiffs and the Class could not easily and promptly determine from their wage

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

15

1   statements that they had been properly paid.  Reporting time pay was not accurately reported or

2   calculated, such that no calculations could be performed to derive the accurate times, rates, and

3   pay that should have been part of their compensation.  The information to make such

4   determinations could not be readily ascertained by the wage statement, standing alone, or without

5   reference to other documents or information.

6        63.   As a result of Marathon's failure to provide accurate itemized wage statements as

7   required by law, Plaintiffs and the Class have been injured in the manner set forth in the Labor

8   Code.

9        64.   Plaintiff and the Class are entitled to the penalties set forth at Labor Code section

10   226(e) and/or 226.3 and/or the applicable wage order, to injunctive relief to ensure compliance

11   with the law, to costs of suit, and reasonable attorneys' fees.

12   **FOURTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**

13   **(Bus. & Prof. Code §§ 17200 *et seq.*)**
**(Against Marathon and DOES 1 Through 25)**

14

15        65.   Plaintiffs hereby incorporate by reference all prior paragraphs as if fully set forth

16   herein.

17        66.   Section 17200 of the California Business and Professions Code prohibits any

18   unlawful, unfair, or fraudulent business act or practice.

19        67.   The actions of Marathon, as herein alleged, amount to conduct which is unlawful

20   and a violation of law.  As such, said conduct constitutes an unlawful business practice, in

21   violation of Bus. & Prof. Code sections 17200 *et seq*.

22        68.   The actions of Marathon, as herein alleged, offend established public policy and

23   constitute an unfair business practice.  This injury is not outweighed by any countervailing

24   benefits to consumers or competition.

25        69.   Marathon's conduct as herein alleged has damaged Plaintiffs and other operators

26   by denying them wages earned, due and payable.  Plaintiffs and other operators have thus

27   suffered injury in fact and loss of money.  Under section 17200 Plaintiffs seek restitution of all

28   monies not paid to them and other operators at Marathon's Martinez, California by Defendants.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

16

**FIFTH CAUSE OF ACTION**
**Liability for Civil Penalties Under the Private Attorneys General Act,**
**California Labor Code §§ 2698, *et seq.***

70.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

71.     California Labor Code § 2699 gives any aggrieved employee the right to file an action for civil penalties on behalf of themselves and other current or former employees, for the employer's violations of the Labor Code.

72.     It is in the public interest that civil penalties for violations of the Labor Code be assessed and collected by aggrieved employees acting as private attorneys general.

73.     Marathon's denial of reporting time pay, failure to compensate employees in a timely fashion, and provide accurate wage statements constitutes a violation of Industrial Welfare Commission Wage Order 1-2001 and California Labor Code §§ 201, 202, 203, 204 and 226.3-226.7.

74.     On July 5, 2019, Plaintiffs filed a written notice online and with service to Marathon via certified mail, of Plaintiffs' intent to seek PAGA penalties pursuant to the aforementioned Labor Code violations, to the Labor and Workforce Development Agency ("LWDA").  The facts and legal theories supporting the causes of action giving rise to the PAGA claims are the same as pled above.

75.     The LWDA has not issued notice of its intention to pursue civil penalties or investigate Plaintiffs' claims.  More than 65 days have passed since the postmark date of Plaintiffs' July 5, 2019 notice.  Accordingly, Plaintiffs commence this PAGA claim for civil remedies as provided for under Labor Code § 2699.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on behalf of the members of the Class, pray for judgment against Marathon as follows:

A.     For an order certifying the proposed Class;

B.     For the attorneys appearing on the above caption to be named class counsel and for Plaintiffs to be appointed class representatives;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

~~PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT~~ PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT                              CASE NO. 4:19-CV-04287-YGR

1    C.    For compensatory damages in an amount according to proof with interest thereon;

2    D.    For economic and/or special damages in an amount according to proof with

3          interest thereon;

4    E.    For payment of unpaid wages in accordance with California labor and employment

5          law;

6    F.    For payment of penalties in accordance with California law,~~;~~ including but not

7          limited to any penalties under the Private Attorney General Act California Labor

8          Code §§ 2698, *et seq.*;

9    G.    For Marathon to be found to have engaged in unfair and/or unlawful competition

10         in violation of Bus. & Prof. Code sections 17200, *et seq.*;

11   H.    For Marathon to be ordered and enjoined to make restitution to Plaintiffs and the

12         Class, including restitutionary disgorgement, pursuant to Business and Professions

13         Code sections 17200 *et seq.*;

14   I.    For interest, attorneys' fees, and costs of suit under Labor Code sections 226 and

15         1194 and Code of Civil Procedure section 1021.5 and other applicable code

16         sections; and

17   J.    For all such other and further relief that the Court may deem just and proper.

18   Dated:  January 24, 2020                    WEINBERG, ROGER & ROSENFELD
                                                 A Professional Corporation
19

20                                               */s/ Alexander S. Nazarov*
                                    By:          JANNAH V. MANANSALA
21                                               ALEXANDER S. NAZAROV

22                                               Attorneys for Plaintiffs JANICE WOOD,
                                                 ANTHONY ALFARO, and AARON DIETRICH
23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

18

~~PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT~~PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT                              CASE NO. 4:19-CV-04287-YGR

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: January 24, 2020                         WEINBERG, ROGER & ROSENFELD
                                                A Professional Corporation


                                                _/s/ Alexander S. Nazarov_
                                      By:          JANNAH V. MANANSALA
                                                   ALEXANDER NAZAROV

                                                Attorneys for Plaintiffs JANICE WOOD,
                                                ANTHONY ALFARO, and AARON DIETRICH

148155\1066092

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001